SEYFARTH SHAW LLP
Mandana Massoumi (SBN 191359)
mmassoumi@seyfarth.com
Heather E. Horn (SBN 318242)
hhorn@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSHIRA GASTELUM GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.  2:22-cv-9260<br><br>**DEFENDANT TARGET'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C §§ 1332 AND 1441**<br><br>(Los Angeles County Superior Court Case No. 22STCV35977)<br><br>*[Filed concurrently with: (1) Declaration of Heather E. Horn in Support of Removal; (2) Declaration of Adam Klarfeld in Support of Removal, (3) Certification of Interested Parties, (4) Civil Case Cover Sheet, and (5) Corporate Disclosure Statement]*<br><br>Action Filed:    November 15, 2022 |

1

## **TABLE OF CONTENTS**

2   I.      BACKGROUND ........................................................................................1

3   II.     TIMELINESS OF REMOVAL ................................................................2

4   III.    PROCEEDINGS IN STATE COURT ....................................................2

5   IV.    JURISDICTION BASED ON DIVERSITY JURISDICTION................3

6          A.     Plaintiff Is a Citizen of California ..............................................3

7          B.     Defendant Target Is Not a Citizen of California.........................4

8          C.     Doe Defendants May Be Disregarded.........................................5

9   V.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000...................6

10         A.     Plaintiff Has Confirmed Her Valuation Of The Case Exceeds $75,000 ........7

11         B.     Plaintiff's Claims Otherwise Exceed $75,000 ............................7

12         C.     Lost Earnings and Other Employment Benefits ........................10

13         D.     Emotional Distress ....................................................................10

14         E.     Punitive Damages......................................................................12

15         F.     Attorney's Fees and Costs Also Could Exceed $75,000 ...........13

16  VI.    VENUE....................................................................................................14

17  VII.   NOTICE OF REMOVAL........................................................................14

18  VIII.  RESERVATION OF RIGHTS.................................................................15

19  IX.    PRAYER FOR REMOVAL.....................................................................15

20

21

22

23

24

25

26

27

28

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Brill v. Countrywide Home Loans, Inc.,*
    427 F.3d 446 (7th Cir. 2005) .................................................................7

*Burns v. Windsor Ins. Co.,*
    31 F.3d 1092 (11th Cir. 1994) .............................................................8

*Chavez v. JPMorgan Chase & Co.,*
    888 F.3d at 416 ..................................................................................10

*Conrad Assocs. v. Hartford Accident & Indem. Co.,*
    994 F. Supp. 1196 (N.D. Cal. 1998) .....................................................6

*Davenport v. Mut. Benefit Health & Accident Ass'n,*
    325 F.2d 785 (9th Cir. 1963) ..........................................................6, 12

*Davenport v. Mutual Ben. Health & Acc. Ass'n,*
    325 F.3d 785 (9th Cir. 1963) ...............................................................9

*Davis v. HSBC Bank Nevada, N.A.,*
    557 F.3d 1026 (9th Cir. 2009) .............................................................4

*Ehrman v. Cox Communications,*
    932 F.3d 1223 (9th Cir. 2019) .............................................................4

*Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9,*
    172 F.R.D. 411 (D. Haw. 1996) ...........................................................5

*Firstos v. Reynolds Metals Co.,*
    615 F.2d 1209 (9th Cir. 1980) .............................................................5

*Fritsch v. Swift Transportation Company of Arizona, LLC,*
    899 F.3d 785 (9th Cir. 2018) ...............................................................9

*Galt G/S v. JSS Scandinavia,*
    142 F. 3d 1150 (9th Cir. 1998) .....................................................6, 9, 13

*Gaus v. Miles, Inc.,*
    980 F.2d 564 (9th Cir. 1992) ...............................................................6

90340696v.4

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ..................................................................10

*Harris v. Bankers Life & Cas. Co.*
    (9th Cir. 2005) 425 F3d 689 ....................................................................2

*Hertz Corp. v. Friend*,
    130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)..........................................4, 5

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ....................................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ..................................................................3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ......................................................8

*Knudson v. Systems Painters, Inc.*,
    634 F3d 968 (8th Cir. 2011) ......................................................................2

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ................................................................9, 11

*Labastida v. McNeil Technologies, Inc.*
    (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169 ...............8

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ..................................................................8

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ................................................................6, 7

*Simmons v. PCR Tech.*,
    209 F. Supp. 2d 1029 (N.D. Cal. 2002)..................................................11

*Singer v. State Farm Mut. Auto Ins. Co.*,
    116 F.3d 373 (9th Cir. 1997) ....................................................................7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ....................................................................3

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
    538 U.S. 408 (2003)................................................................................12

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

90340696v.4

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) .................................................................6

*Ward v. Cadbury Schweppes Bottling Grp.*,
    2011 WL 7447633 (C.D. Cal.) .................................................................13

*White v. FCI USA, Inc.*,
    319 F.3d 672 (5th Cir. 2003) .................................................................14

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
    2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007).........................13

*Gantt v. Sentry Ins.*,
    1 Cal.4th 1083 (1992) .................................................................11

*Lane v. Hughes Aircraft Co.*,
    22 Cal. 4th 405 (2000) .................................................................12

**Federal Statutes**

28 U.S.C. § 84(c) .................................................................14

28 U.S.C. § 1332 .................................................................1, 3, 5

28 U.S.C. § 1332(a) .................................................................*passim*

28 U.S.C. § 1332(a)(1) .................................................................13

28 U.S.C. § 1332(c)(1) .................................................................4

28 U.S.C. § 1441 .................................................................1

28 U.S.C. § 1441(a) .................................................................1, 2, 5, 14

28 U.S.C. § 1441(b) .................................................................1, 3

28 U.S.C. § 1446 .................................................................1, 3

28 U.S.C. § 1446(a) .................................................................14

28 U.S.C. § 1446(b) .................................................................1, 2

28 U.S.C. § 1446(b)(3).................................................................2

iv

28 U.S.C. § 1446(d) ......................................................................................... 14

**Other Authorities**

*Aboulida v. GACN Inc.*,
    2013 WL 811991 (Los Angeles Sup. Ct.) ................................................... 12

*Crawford v. DIRECTV, Inc.*,
    2010 WL 5383296 (Los Angeles County Sup. Ct.) .................................... 13

*Denenberg v. Cal. Dep't of Transp.*,
    2006 WL 5305734 (San Diego County Sup. Ct.)........................................ 13

*DFEH v. County of Riverside*,
    2003 WL 24304125 (Riverside County Sup. Ct.) ...................................... 11

*Hernandez v. Regents of the Univ. of California*,
    Alameda County Superior Court Case No. RG06272564 (September 25,
    2009) ............................................................................................................ 11

*Steven Wiley, et al. v. Trendwest Resorts, Inc. et al*
    Contra Costa County Superior Court Case No. MSC05-01991 (October
    18, 2010) ...................................................................................................... 11

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles County Sup. Ct.) .................................... 11

*Welch v. Ivy Hills Corp.*,
    2011 WL 3293268 (Los Angeles County Sup. Ct.) .................................... 11

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

90340696v.4

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on this date, Defendant Target Corporation ("Target" or "Defendant") did and hereby does remove the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) and 1441(b) because there is complete diversity between Plaintiff Yoshira Gastelum Gonzalez ("Plaintiff") and Target and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Los Angeles. 28 U.S.C. sections 1441 and 1446(b).

Target removes this action to United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

## I.    BACKGROUND

1.    On November 15, 2022, Plaintiff filed a complaint (the "Complaint") entitled *Yoshira Gastelum Gonzalez v. Target Corporation*, a Minnesota Corporation; and Does 1 through 50, inclusive, Case No. 22STCV35977, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2.    On November 22, 2022, Plaintiff served Target with the Summons and the Complaint in the State Court Action. A true and correct copy of the Complaint served on Target is attached as **Exhibit A** to the declaration of Heather E. Horn ("Horn Decl.").

3.    Target filed and served an Answer in the State Court Action on November 29, 2022, less than 30-days after the Complaint was served. A true and correct copy of the Answer is attached to the Horn Decl. as **Exhibit B**.

4.    Defendants have not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A-B in this action prior to this Notice of Removal.  (Declaration of Heather E. Horn ("Horn Decl."), ¶ 4.)

90340696v.4

5.      As discussed in greater detail below, Target is a citizen of Minnesota.

6.      Target is the only named defendant in this action and the only defendant served with the Summons and the Complaint, so there are no other parties to join in this Notice of Removal. Defendant "Does 1 through 50" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action. 28 U.S.C. § 1441(a).

7.      As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendant Target is not a citizen of California and the amount in controversy exceeds $75,000.00.

## II.     TIMELINESS OF REMOVAL

8.      "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings."  *Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F3d 689, 693.  "[I]f the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case." *Knudson v. Systems Painters, Inc.*,  634 F3d 968, 975 (8th Cir. 2011).

9.      This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint on November 22, 2022) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

## III.    PROCEEDINGS IN STATE COURT

10.     Attached as Exhibits A-B to the Declaration of Heather E. Horn are all of the pleadings in the Superior Court's record that have been served on Defendants, filed by Defendants or Plaintiff, or retrieved from the Court's records prior to the filing of this Notice of Removal.  (Horn Decl., ¶ 4.)

11.    Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, together with Target's Notice to State Court and to Adverse Party of Removal.

## IV.    JURISDICTION BASED ON DIVERSITY JURISDICTION

12.    This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332. Target may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. sections 1332(a) 1441(b), 1446, because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

### A.    <u>Plaintiff Is a Citizen of California</u>

13.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

14.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges that, "Plaintiff is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California."  (*See* **Ex. A**, Complaint, ¶ 1.)  The Notice of Case Closure and Right to Sue sent to Plaintiff last month, on November 10, 2022 by the Civil Rights Department of the State of California also identified Plaintiff's residence in California, with a home address located in San Diego, California. (*See* **Ex. A**, Complaint, Exhibit A, Plaintiff's Yoshira Gastelum's Right to Sue Letter from Department of Fair Employment and Housing ("DFEH")).

3

15.    Allegations on information and belief as to citizenship are sufficient to support removal. *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Target is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing his Complaint, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a), based on the information provided by Plaintiff to Target including that related to her employment application and payroll. (Declaration of Adam Klarfeld ("Klarfeld Decl.") ¶¶ 5-6; Horn Decl., ¶¶ **Ex. A, C**.).

16.    Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

## B.    Defendant Target Is Not a Citizen of California

17.    The Target is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1). Target is a citizen of Minnesota and is not a citizen of California, as shown below.

18.    Target is incorporated in the state of Minnesota. (Klarfeld Decl., ¶¶ 2-3.)

19.    Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *See Hertz Corp.*, 130 S. Ct. 1181 at 1183. The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control,

90340696v.4

and coordination." *Id*. at 1184. The Supreme Court emphasized in Hertz that the "nerve center test" should be one of "administrative simplicity." *Id*.

20.     Target's principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Minnesota, as established by the following facts:

21.     The headquarters, the principal operations center, and the place of Target's high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Minneapolis, Minnesota. (Klarfeld Decl., ¶¶ 2-3.) Its corporate headquarters is in Minneapolis, Minnesota. *Id*. Target's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. *Id*. Minnesota is also the state in which Target's corporate income tax return is filed. Klarfeld Decl., ¶ 3. As such, Target is a citizen of the State of Minnesota and not a citizen of the State of California. Notably, Plaintiff has never provided any information in her filings or documents with Target related to any affiliation with the state of Minnesota. (Klarfeld Decl. ¶ 5; Horn Decl., **Exh**, **A**.) Therefore, Plaintiff and Target are citizens of different states.

### C.    Doe Defendants May Be Disregarded

22.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 18 U.S.C. section 1332. *Firstos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 415 (D. Haw. 1996) ("[I]n light of Ninth Circuit case-law, this Court finds that Doe defendants do not destroy diversity jurisdiction."). Thus, the existence of Doe Defendants 1-50, inclusive, does not deprive the Court of jurisdiction.

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

## V.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

23.    While Defendant strongly disagrees with any and all claims alleged in Plaintiff's Complaint and denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

24.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566-67 (9th Cir. 1992).

25.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

26.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in

6

controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.   Plaintiff Has Confirmed Her Valuation Of The Case Exceeds $75,000

27.   As Plaintiff's Complaint was silent on the amount of damages she claims, Target served counsel for Plaintiff, at the law firm of Delvaux Law, with a Request for Statement of Damages. Plaintiff then responded by serving only Objection to Defendant's Request for Statement of Damages, and refused to provide a statement of damages. (Horn Decl., ¶6, **Exh**. **D**)

28.   On Friday, December 16, 2022, the counsel for Target attempted to meet and confer with counsel for Plaintiff on valuation of the case by telephone, and then email. Counsel for Target asked if Plaintiff was willing to stipulate to the valuation of this case at $75,000 or less.  The same day, Plaintiff's counsel responded and confirmed that Plaintiff values the case "much higher than $75,000." (Horn Decl., ¶7, **Exh. E**)

29.    Here, Plaintiff has confirmed her valuation of the case *exceeds* $75,000, and has refused to stipulate to anything less.

### B.   Plaintiff's Claims Otherwise Exceed $75,000

30.   Even with Plaintiff's acknowledgement that she values her case beyond $75,000, Plaintiff's claims otherwise would exceed the amount in controversy. The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). Therefore, Target needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that

demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Id.*

31.     Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Target), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount, in her Complaint, she alleges fourteen (14) claims for: (1) discrimination on basis of pregnancy; (2) disability or medical discrimination; (3) discrimination based on association with disability or medical condition; (4) failure to provide reasonable accommodation; (5) failure to engage in the interactive process; (6) refusal to grant pregnancy childbirth, or a related medical condition; (7) interference with, restraint, or denial of pregnancy, childbirth, or a related medical condition leave rights; (8) refusal to grant family leave; (9) retaliation based on exercise of CFRA rights; (10) retaliation (pregnancy accommodation); (11) retaliation (denial of sick time); (12) failure to prevent discrimination harassment; (13) negligent supervision; (14) intentional infliction of emotional distress. disability discrimination in violation of the FEHA.

32.     Here, Plaintiff's counsel has confirmed that Plaintiff's valuation of her claims exceeds $75,000, allowing Target to demonstrate the prerequisite jurisdictional amount in controversy.  In establishing the amount in controversy, this burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" Id. at 1204-05. When determining whether a civil action exceeds the $75,000 jurisdictional amount in controversy requirement, the Court looks to "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Labastida v. McNeil Technologies, Inc.* (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169, at *3.  The Court must presume the plaintiff will prevail on each and every one of her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v.*

8

90340696v.4

*Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")).  Accordingly, general, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation.  *See, e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. [citations]"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." (citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998));  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155, 1156 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n,* 325 F.3d 785-87 (9th Cir. 1963).

33.    Moreover, in connection with her claims, Plaintiff's Complaint alleges compensatory damages, punitive damages, and attorneys' fees. Specifically, the Complaint alleges that Plaintiff has "sustained and continues to sustain substantial losses in earnings and other benefits." *See* Complaint, ¶¶ 24, 35, and 39. She also alleges that she has "sustained and continues to sustain substantial losses in earning, employment benefits, employment opportunities.."*(See* **Ex. A,** Compl., ¶¶ 59, 68, 78, 86, 95, 104, 113, 125, 133, 141, 155, 163). Further, Plaintiff alleges she has "suffered and continues to suffer humiliation, emotional distress, loss of reputations, and mental and physical pain and anguish." (*See* Ex. A, Compl., 69, 79, 87, 96, 105, 114, 126, 134, 142, 156, 164, 173, 178, 180).

34.    Further, Plaintiff alleges that she is entitled to attorneys' fees. (*See* **Ex. A**, Complaint,¶¶  71,82,88,97,106,116,117,127,136,144,158,166,175;  Prayer  ¶5).  Finally, Plaintiff's Complaint seeks punitive damages. (*See Id*. ¶¶70,80,115,135,143,157,165,174). Thus, the allegations of the Complaint seek damages and fees exceeding $75,000 and amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest

9

and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, statutory, civil, and punitive damages, as well as attorneys' fees, which are sought by Plaintiff may all be included in the calculation. *See Guglielmino*, 506 F. 3d at 700. Thus, while Target disagrees with Plaintiff's claims and allegations of the Complaint, based on Plaintiff's allegations and prayer, that amount *exceeds* $75,000.

### C.    Lost Earnings and Other Employment Benefits

35.    In her Complaint, Plaintiff requests lost earnings. *(See* **Ex. A**, Compl., ¶¶ 59, 68, 78, 86, 95, 104, 113, 125, 133, 141, 155, 163).24, 30, 35, 39, 43 and Prayer, ¶ 3). At the time of Plaintiff's termination from Target, she earned $25.36 per hour and worked an average of 40 hours per week. Klarfeld Decl., ¶ 4. Plaintiff alleges her employment with Target was wrongfully terminated on July 8, 2022. **Ex. A**, Compl., ¶ 52. As such, assuming that the trial takes place one year from the date of this removal (approximately 17 months after Plaintiff's termination of employment), a reasonable estimate of Plaintiff's sought past lost post-termination  wages Plaintiff alleges is in controversy is at least $75,065.60 ($1,014.40 weekly x 74 weeks), in addition to potential future lost wages post trial. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). While Defendant does not agree with Plaintiff's valuation it is clear Plaintiff's valuation exceeds $75,000.  This amount of potential compensatory damages is solely based on lost wages and does not include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses.

### D.    Emotional Distress

36.    In addition to lost wages, Plaintiff's Complaint alleges that she suffered " extreme emotional distress." (*See* **Ex**. A, Compl., ¶¶ 69, 79, 87, 96, 105, 114, 126, 134, 142, 156, 164, 173, 178, 180, Prayer ¶ 2). Plaintiff's claims for these emotional distress damages adds thousands of dollars to the amount in controversy.  A review of jury

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

verdicts in California demonstrates emotional distress awards in discrimination cases commonly exceed $75,000.  E.g., *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles County Sup. Ct.) (award of $1,250,000 for pain and suffering in discrimination case); *Welch v. Ivy Hills Corp.*, 2011 WL 3293268 (Los Angeles County Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in age discrimination action); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury award of $300,000 in emotional distress damages for failure to accommodate claim).

37.    Prevailing plaintiffs in wrongful termination actions in California seek damages for emotional distress that exceed $75,000. *See Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1098-1100 (1992). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Thus, while Target disagrees with Plaintiff's claims and allegations of the Complaint, here, Plaintiff seeks emotional distress damages, allegedly resulting from her alleged wrongful termination, disability discrimination, and retaliation. Indeed, Plaintiff alleged that she has suffered and continues to suffer "humiliation, emotional distress, loss of reputation, mental and physical pain, and anguish..." (*See* Ex. A, Compl., ¶¶ 69, 79, 87, 96, 105, 114, 126, 134, 142, 156, 164, 173, 178, 180).

38.    **Additional Comparable Cases**. A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in disability discrimination / wrongful termination cases. For example, in *Steven Wiley, et al. v. Trendwest Resorts, Inc. et al* Contra Costa County Superior Court Case No. MSC05-01991 (October 18, 2010), the court awarded the plaintiff $75,000 for emotional distress damages where the plaintiff alleged that as a result of her disability, she was demoted and then replaced. In *Hernandez v. Regents of the Univ. of California*, Alameda County

11

Superior Court Case No. RG06272564 (September 25, 2009), the court awarded $90,000 for emotional distress damages where, as here, the plaintiff alleged that the employer failed to accommodate her disability and discriminated against her due to her disability by terminating her employment. Thus, if Plaintiff is able to prove her claims at trial, it is conservative to estimate that Plaintiff will seek, and the jury may award, at least $75,000 for emotional distress damages.

### E.     Punitive Damages

39.     The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (*See* Ex. A, Complaint, ¶¶70,80,115,135,143,157,165,174)

40.     Target, is a large entity.  The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards.  *See, e.g., Lane v. Hughes Aircraft Co*., 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant.").  In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ." (internal citations omitted).  Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

41.     Courts have affirmed jury verdicts in cases with claims similar to Plaintiff's claims often exceed $75,000, especially when they include punitive damages, which Plaintiff also seeks.  *See, e.g., Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case);

12

*Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

42.     Based upon the allegations contained in the Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court.  Because diversity of citizenship exists between Plaintiff and Defendants, and the matter in controversy between the parties is in excess of $75,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

### F.     Attorney's Fees and Costs Also Could Exceed $75,000

43.     Plaintiff also seeks to recover attorneys' fees. (*See* **Ex. A,** Complaint, ¶¶ 71,82,88,97,106,116,117,127,136,144,158,166,175; Prayer ¶ 5). Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

44.     Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims).  Defendants have attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Heather E. Horn for the Court's review. (Horn Decl., ¶ 8, **Ex. F.**)

45.     Defendants anticipate depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful

13

termination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000.00 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000.00 if the case proceeds to trial.

46.     Based on Plaintiff's allegations and her prayer for relief in which she seeks compensatory and special damages, punitive damages and attorneys' fees, a reasonable estimate of the amount in controversy far exceeds the $75,000 jurisdictional threshold. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

## VI.    VENUE

47.     The Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446 (a), and 84(c).  This action originally was brought in the Superior Court of California, County of Los Angeles, which is located within the Central District of the State of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a)

## VII.   NOTICE OF REMOVAL

48.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

49.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

50.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A-B** to the concurrently filed Declaration of Heather E. Horn.

90340696v.4

## VIII.  RESERVATION OF RIGHTS

51.    By filing this Notice of Removal, Defendants do not concede nor waive any defense to this action.

## IX.    PRAYER FOR REMOVAL

52.    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.


DATED: December 21, 2022                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Heather E. Horn*
Mandana Massoumi
Heather E. Horn
Attorneys for Defendant
TARGET CORPORATION

15

90340696v.4