# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/22/2022
CT Log Number 542731957

## Service of Process Transmittal Summary

**TO:**       EMPLOYEE RELATIONS
             Target Corporation
             1000 NICOLLET MALL, MS: CC-1810
             MINNEAPOLIS, MN 55403-2542

**RE:**       **Process Served in California**

**FOR:**      Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: YOSHIRA GASTELUM GONZALEZ // To: Target Corporation |
| **CASE #:** | 22STCV35977 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/22/2022 at 14:55 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/23/2022, Expected Purge Date: 11/28/2022 |
| | Image SOP |
| | Email Notification,  EMPLOYEE RELATIONS  ct.service@target.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Nov 22, 2022
**Server Name:** Mario Hernandez

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 22STCV35977 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* — 22STCV35977

Daphne A.M. Delvaux  SBN: 292345
DELVAUX LAW
2169 First Avenue, San Diego, California, 92101-2013
TELEPHONE NO. (619) 756-4167   FAX NO. *(Optional):*
E-MAIL ADDRESS daphne@delvauxlaw.com
ATTORNEY FOR *(Name):* Yoshira Gastelum Gonzalez

*(handwritten:)* 11-22-2022
12:30

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
YOSHIRA GASTELUM GONZALEZ v. TARGET CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22STCV35977 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 14
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/14/2022

Daphne Delvaux, Esq.
(TYPE OR PRINT NAME)        ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| GASTELUM GONZALEZ v. TARGET CORPORATION | 22STCV35977 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, ③ |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

For Mandatory Use

| SHORT TITLE | | CASE NUMBER |
| --- | --- | --- |
| | | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
| --- | --- | --- | --- |
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT-TITLE | CASE NUMBER |
|---|---|
|  |  |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>2626 COLORADO BLVD. |
|---|---|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90041 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 11/14/2022 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.
2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.
3.  Civil Case Cover Sheet Judicial Council form CM-010.
4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION; and DOES 1 through 25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YOSHIRA GASTELUM GONZALEZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>STANLEY MOSK COURTHOUSE<br>111 N. Hill Street, Los Angeles, CA, 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV35977 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daphne A.M Delvaux, Esq., DELVAUX LAW, 2169 First Avenue, San Diego, California 92101-2013, (619) 756- 4167

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 11/15/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Case 2:22-cv-09260-ODW-PD   Document 1-2   Filed 12/21/22   Page 12 of 69   Page ID #:36
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Upinder Kalra
22STCV35977

Daphne A.M. Delvaux (292345)
Colette N. Mahon (304745)
DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013
TELEPHONE: (619) 756-4167

Attorneys for Plaintiff,
**YOSHIRA GASTELUM GONZALEZ**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| YOSHIRA GASTELUM GONZALEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.  22STCV35977 |

**PLAINTIFF'S COMPLAINT FOR:**

1. DISCRIMINATION ON BASIS OF PREGNANCY, CHILDBIRTH OR RELATED MEDICAL CONDITION [Cal. Gov't Code § 12940(a)];
2. DISABILITY OR MEDICAL CONDITION DISCRIMINATION [Cal. Gov't Code § 12940(a); § 12926(o)];
3. DISCRIMINATION BASED ON ASSOCIATION WITH DISABILITY OR MEDICAL CONDITION [Cal. Gov't Code § 12940(a); § 12926(o)];
4. FAILURE TO ACCOMMODATE [Cal. Gov't Code § 12940(m)];
5. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [Cal. Gov't Code §12940(n)];
6. REFUSAL TO GRANT PREGNANCY, CHILDBIRTH, OR A RELATED MEDICAL CONDITION LEAVE RIGHTS [Cal. Gov't Code § 12945(a)(1); 2 CCR §11042(c)];
7. INTERFERENCE WITH, RESTRAINT, OR DENIAL OF PREGNANCY, CHILDBIRTH, OR A RELATED MEDICAL CONDITION LEAVE RIGHTS [Cal. Gov't Code § 12945(a)(4)];
8. REFUSAL TO GRANT FAMILY CARE AND MEDICAL LEAVE RIGHTS [Cal. Gov't Code § 12945.2(a); 2 CCR §11088(a)];
9. RETALIATION BASED ON EXERCISE OF CFRA RIGHTS [Cal. Gov't Code § 12945.2(q)];
10. RETALIATION [Cal. Gov't Code § 12940(h)];

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

|  | ) | 11. RETALIATION [Cal. Lab. Code § 1102.5]; |
|--|---|--|

)
) 11. RETALIATION [Cal. Lab. Code §
)   1102.5];
) 12. FAILURE TO PREVENT
)   DISCRIMINATION, HARASSMENT
)   AND RETALIATION] [Cal. Gov't Code
)   §12940(k)];
) 13. NEGLIGENT SUPERVISION;
) 14. INTENTIONAL INFLICTION OF
)   EMOTIONAL DISTRESS.
)
)
) **[JURY TRIAL DEMANDED]**

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff YOSHIRA GASTELUM GONZALEZ, (hereinafter "Plaintiff" or "GASTELUM GONZALEZ") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant, TARGET CORPORATION (hereinafter "TARGET" or "Defendant"), is a California Corporation doing business in the State of California, and is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 et seq.  On information and belief, TARGET employs in excess of five employees in LOS ANGELES and elsewhere.

3. Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

4. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants.

5. Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

6.     The tortious acts and omissions alleged herein were performed by management level employees of Defendant.  Defendant allowed and/or condoned a continuing pattern of fraudulent and unfair practices.

7.     At all times mentioned herein, Cal. Gov't Code §12940, et seq., was in full force and effect and was binding on Defendants.

8.     The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Gov't. Code §12940, et seq., as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

9.     At all times mentioned herein, Cal. Gov't Code §12945, et seq., was in full force and effect and was binding on Defendants.

10.    The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Gov't. Code §12945, et seq., as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

11.    At all times mentioned herein, Cal. Gov't Code §12945.2, et seq., was in full force and effect and was binding on Defendants.

12.    The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Gov't. Code §12945.2, et seq., as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

13.    Defendants had actual and constructive knowledge of the tortious acts and omissions alleged and thereafter ratified said conduct by failing to reprimand or terminate.

14.    Defendants, and each of them, committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

for Plaintiff's rights.

15. Plaintiff filed her charges of discrimination and against Defendant with the California Department of Fair Employment and Housing on November 10, 2022, and thereafter, on that same day, received from the DFEH her "Right to Sue" letters, which are collectively attached hereto as "EXHIBIT A."

## SPECIFIC FACTUAL ALLEGATIONS

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

17. Target is a retail department store.

18. On or about August 19, 2016, Plaintiff began working for Defendant at its T1408 Los Angeles Eagle Rock Target store location in the position of seasonal cashier. After the 2016 holidays, Defendant offered Plaintiff a full-time regular team member position. Plaintiff accepted.

19. In or around February 2017, Defendant promoted Plaintiff to Guest Service Assistant.

20. On or about May 24, 2019, Defendant promoted Plaintiff to Service and Engagement Team Lead ("SETL"). As SETL, Plaintiff's duties and responsibilities included, but were not limited to, managing a team of Guest Advocates and Front of Store Attendants, plan and execute daily/weekly workload, leading and following-up on training completion, de-escalating negative guest shopping experiences, scheduling, and more.

21. Throughout her employment, Plaintiff performed her work in a competent and diligent fashion.

22. On or about September 28, 2021, Defendant transferred Plaintiff to another location. Plaintiff remained in the same position as SETL for the new location.

23. At this time, Plaintiff was almost 21 weeks pregnant. Defendant was aware of Plaintiff's pregnancy.

24. Plaintiff needed accommodations for pregnancy-related needs. These accommodations included lifting restrictions when items were over 20 pounds, regular breaks, and

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

avoiding deep twists of her torso to protect her pregnancy.

25. Plaintiff also needed to wear maternity leggings to accommodate her growing body. The maternity leggings provided comfort and support to her hips and growing baby belly.

26. The traditional clothing required under TARGET's dress code are jeans and khakis, but these pants became too uncomfortable for her. Instead, Plaintiff wore black maternity leggings to work.

27. In response, Plaintiff's manager, Emilee Reaber ("Reaber") admonished her, telling her that leggings were not "brand appropriate" and violated the dress code, and that she was required to wear jeans or khakis. Reaber tried to intimidate Plaintiff and told her that not following the policy has "legal consequences." Plaintiff had never heard of a dress code violation resulting in a legal violation, so Plaintiff asked Reaber, "Do you mean the dress code section in the policy book?" Reaber replied, "no, legal."

28. On approximately two more occasions, Reaber admonished Plaintiff for wearing maternity leggings.

29. A couple days later, Reaber notified all the team leads and ETLs about the dress code policy and how team members needed to follow it and have coaching conversations if necessary. Plaintiff felt targeted.

30. In or around November 2021, Defendant gave Plaintiff assignments that violated many of her pregnancy-related restrictions. These included picking up heavy boxes, bending while sorting, pushing flats full of product items, restocking heavy merchandise in Defendant's front end department, and bending at the waist. Plaintiff was also denied proper breaks, including breaks to sit while experiencing Braxton Hicks contractions. Her feet were swelling due to the excessive standing and not having a stool to take a seat.

31. In response, Plaintiff informed her manager, Service and Engagement ETL, Grant Granter ("Ganther") of her work restrictions and asked for support. Defendant dismissed Plaintiff's restrictions and failed to provide support.

32. On approximately three occasions near the end of Plaintiff's pregnancy, Plaintiff became

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

sick at work, throwing up with extreme nausea and Braxton hicks contractions. Plaintiff reported this to Granter and requested to leave early to attend to her nausea. Granter instructed Plaintiff to "hang in there" to see if the illness would pass. Plaintiff remained at work.

33. On one of the occasions, a Saturday, Defendant did not permit her to go home despite experiencing severe pregnancy-related sickness.

34. In or around November 2021, Plaintiff met with her store HR Representative, Tiffany Hill ("Hill"), to discuss her pregnancy restrictions. She also reported Reaber, disclosing that Reaber admonished her for wearing maternity leggings that provided comfort and support to her baby belly instead of regular jeans. Plaintiff also requested a stool to take breaks from standing, as a pregnancy accommodation.

35. In or around December 2021, Plaintiff provided to Hill an updated work restriction request that included the request for comfort wear.

36. Throughout the remainder of Plaintiff's pregnancy, Hill never followed up with Plaintiff on her restrictions and they were not accommodated.

37. TARGET routinely failed to accommodate Plaintiff's pregnancy, aggravating her symptoms.

38. In or around mid-December 2022, Plaintiff asked Granter for a stool from the sales floor to keep at her service desk when she needed a break from standing. Hill had failed to followed up with Plaintiff on providing a stool. Granter told Plaintiff, "I don't think we can keep a stool at the service desk or self-check out for you to sit on. Emilee [Raeber] might not approve of it. It's not brand appropriate. It's not a good look for the guests. We work in a more diverse, uppity area so we have to maintain the brand purpose, especially if we get an unexpected corporate visit," or words to that effect.

39. TARGET cared more about their brand optics than the success and health of Plaintiff's pregnancy.

40. In or around December 2021, prior to going out on leave, Plaintiff spoke to Defendant's

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

Leave and Disability Team about her upcoming leave.  Plaintiff specifically informed Defendant that she wanted to max out her time off due to her pregnancy, both disability leave and bonding leave. Defendant's representative informed Plaintiff that was not a problem and that if she had a C-section, she needed to call so they could update her leave since a C-section permitted 8 weeks of recovery, versus 6 weeks for a normal labor.

41.   Plaintiff began her leave on approximately January 17, 2022 and gave birth via C-section on January 28, 2022. Shortly thereafter, Plaintiff called Defendant's Leave and Disability Team to update them on her C-section and update her leave.

42.   Plaintiff later realized Defendant's had her return date set for May 8, 2022, which was wrong. Defendant had only provided her with six weeks of bonding leave, yet she had six weeks remaining. Plaintiff contacted Defendant's Leave and Disability Team and requested her full leave, but was unsuccessful. Defendant wrongfully denied Plaintiff's bonding leave pursuant to the California Family Rights Act.

43.   Since her return from leave through approximately June 2022 Plaintiff was not afforded all her pumping breaks. On approximately three occasions, Plaintiff had to pump in her car with a manual breast pump. Due to lack of breaks, Plaintiff's milk supply plummeted, right when the formula crisis hit. Plaintiff relied on half of Simulac formula and half breast milk due to a low breast milk supply. Defendant was aware of Plaintiff's struggle with pumping and reliance on Simulac. Eventually, by the beginning of June 2022, Plaintiff's inability to pump at work caused a total loss in her milk supply, right in the middle of a formula shortage. This caused Plaintiff extreme emotional distress and she felt like she was failing her baby.

44.   On or about May 9, 2022, Plaintiff returned to work. Hill asked Plaintiff how her baby was. Plaintiff informed her that her baby was diagnosed with a larger than normal kidney and would have follow up appointments as well as ultrasound appointments.

45.   On or about May 13, 2022, Plaintiff informed Hill (HR) that she needed May 27, 2022 and May 31, 2022 off due to her baby's medical appointments. At first, Hill told Plaintiff

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

to adjust her work shift around the baby appointments. Plaintiff replied that she needed the full day because her baby was receiving multiple shots and an ultrasound. Plaintiff reminded Hill about her baby's medical complications and that normally she tried to schedule her follow up appointments on the same date as the ultrasound appointment, but she could not this time. Hill replied that she would discuss her request with the store director, Reaber. Plaintiff repeatedly followed up with Hill.

46.   On May 26, 2022, Plaintiff, once again, followed up with Hill. Hill again asked if Plaintiff could work an adjusted shift, which Plaintiff again replied no. Finally, Hill adjusted Plaintiff's schedule by switching her day off, June 1, 2022, to May 31, 2022 and she took Plaintiff off the work schedule for May 27, 2022.

47.   On or about the evening of June 4, 2022, Plaintiff informed Hill that she was experiencing postpartum depression.

48.   On or about June 10, 2022, Plaintiff took a sick day because her baby was suffering from severe pneumonia. Defendant was aware of her baby's disability. Plaintiff's sick day was protected by law, and specifically California Labor Code section 245 et seq. and section 233.

49.   On or about June 13, 2022, Plaintiff took another protected sick day. She informed her ETL Julissa Sanchez ("Sanchez") that she was experiencing body aches, high fever, migraine, lots of coughing, sore throat and loss of voice. Sanchez replied that Reaber brought her up to speed on Plaintiff's attendance and there seemed to be an "attendance pattern." Plaintiff was shocked. This was merely her second sick day. Sanchez said she would "look into things more" and asked if Plaintiff would return to work the next day, June 14, 2022. Plaintiff replied, "yes, as long as I feel better," or words to that effect.

50.   On or about June 14, 2022, Plaintiff was still sick but mustered the strength to come to work for half her shift. While at work, Sanchez again brought up the "attendance pattern." Plaintiff again challenged a pattern issue. Plaintiff bravely advocated for herself and explained that if she had sick hours or a doctor's notes, the company could not

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

discipline her, including providing her a coaching for attendance issues, final warnings, or termination. She explained that this was protected time off. Plaintiff had sick hours that she used for these occasions and the absences were protected pursuant to California Labor Code section 245 et seq. and section 233.

51. On or about June 30, 2022 and July 2, 2022 Sanchez asked Plaintiff to go outside and push carts. Being 5 months postpartum and having had a C section, Plaintiff told Sanchez she did not feel comfortable placing stress and pressure on her scar, which was not healed. Sanchez told Plaintiff, "We all have to be team players. If I am grabbing carts out there, so does everyone else," or words to that effect. On information and belief, there were other team members Sanchez could have requested to push the carts. Instead, Plaintiff was required to push more than 20 carts, placing unnecessary stress on her C-section scar.

52. On or about July 8, 2022, Defendant wrongfully terminated Plaintiff's employment. Defendant's termination was pretext and a clear excuse to terminate Plaintiff based on pregnancy/childbirth on her leave, her accommodation requests, and her opposition to unlawful treatment.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON BASIS OF PREGNANCY, CHILDBIRTH OR

## RELATED MEDICAL CONDITION

### [Cal. Gov't Code § 12940(a)]

53. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

54. At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant. This section required Defendant, as an employer, to refrain from discrimination against any employee on the basis of their sex or gender.

55. California Government Code section 12926(r)(1) defines "sex" to include "pregnancy or

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

medical conditions related to pregnancy," "childbirth or medical conditions related to childbirth," and "breastfeeding or medical conditions related to breastfeeding."

56. Defendant was aware of Plaintiff's pregnancy, childbirth, and medical condition related to her pregnancy and childbirth.

57. Defendant discriminated against Plaintiff in the compensation, terms, conditions and privileges of her employment.

58. Plaintiff's pregnancy, childbirth, and medical condition related to her pregnancy and childbirth, was a substantial motivating reason for Defendant to discriminate against Plaintiff in the compensation terms, conditions and privileges of her employment, including but not limited to, failure to accommodate, and termination.

59. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

60. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

61. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(c).

## SECOND CAUSE OF ACTION

### DISABILITY OR MEDICAL CONDITION DISCRIMINATION

### [Cal. Gov't Code § 12940(a); § 12926(o)]

62. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

63. At all times mentioned herein, California Government Code section 12940 *et seq.* was in

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

full force and effect and was binding on Defendant. This section required Defendant, as an employer, to refrain from discrimination against any employee on the basis of their disability or medical condition.

64. Plaintiff suffered from the disability or medical condition alleged herein. However, Plaintiff was able to perform her essential job duties with reasonable accommodation.

65. Defendant was aware of Plaintiff's disability or medical condition that limited her ability to work.

66. Defendant discriminated against Plaintiff in the compensation, terms, conditions and privileges of her employment.

67. Plaintiff believes and thereon alleges that her disability and/or medical condition was a substantial motivating reason for Defendant's discrimination against her, including but not limited to, failure to accommodate, and termination.

68. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

69. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

70. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

71. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(c).

## THIRD CAUSE OF ACTION

## DISCRIMINATION BASED ON ASSOCIATION WITH

## DISABILITY OR MEDICAL CONDITION

### [Cal. Gov't Code § 12940(a); § 12926(o)]

72.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

73.  At all times mentioned herein, California Government Code section 12940 *et seq.* was in full force and effect and was binding on Defendant. This section required Defendant, as an employer, to refrain from discrimination against any employee on the basis of their disability or medical condition.

74.  At all times mentioned herein, Cal. Gov't Code § 12926(o) was in full force and effect and was binding on Defendants. This section provides that a [CAN INSERT ANY PROTECTED CHARACTERISTIC HERE] "disability" and "medical condition" includes…that the person is associated with a person who has, or is perceived to have, any of those characteristics."

75.  Plaintiff's daughter suffered from a disability or medical condition. Defendant was aware that Plaintiff's daughter suffered from a disability or medical condition. Plaintiff was able to perform her essential job duties. Plaintiff's daughter's disability or medical condition required more of Plaintiff's attention, but did not require so much attention that Plaintiff could not perform her job duties with a minor accommodation.

76.  Defendant discriminated against Plaintiff in the compensation, terms, conditions and privileges of her employment.

77.  Plaintiff believes and thereon alleges that her association with someone with a disability and/or medical condition was a substantial motivating reason for Defendant's discrimination against her, including but not limited to, retaliation, failure to accommodate, and termination.

78.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

79.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

80.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

81.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(c).

## FOURTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### [Cal. Gov't Code § 12940(m)]

82.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

83.    Plaintiff has a disability that allowed her to work with accommodation. Defendant knew of Plaintiff's disability. Plaintiff requested accommodation, as stated herein.

84.    Plaintiff was able to perform her essential job duties with accommodation for her disability, and in fact had been performing those essential duties under the requested accommodation at a different store location, as stated herein.

85.    Defendant failed to provide reasonable accommodation for Plaintiff's disability.

86.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits,

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

87. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

88. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Government Code section 12965(c).

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### [Cal. Gov't Code §12940(n)]

89. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

90. Plaintiff had a disability or medical condition that allowed her to work with accommodation.

91. Defendant knew that Plaintiff suffered from a disability or medical condition.

92. Plaintiff requested that Defendant make reasonable accommodation for her disability or medical condition, so that she would be able to perform her essential job requirements.

93. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform her essential job requirements.

94. Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

95. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

96.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

mental and physical pain and anguish, all to her damage in a sum to be established

according to proof.

97.     In addition to such other damages as may properly be recovered herein, Plaintiff is

entitled to recover prevailing party attorneys' fees pursuant to Government Code section

12965(c).

## SIXTH CAUSE OF ACTION

### REFUSAL TO GRANT PREGNANCY, CHILDBIRTH, OR A RELATED MEDICAL CONDITION LEAVE RIGHTS

### [Cal. Gov't Code § 12945(a)(1); 2 CCR §11042(c)]

98.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in

the preceding paragraphs as though fully set forth herein.

99.     At all times mentioned herein, Cal. Gov't Code §12945 was in full force and effect and

was binding on Defendants. This section provides that it is unlawful for an employer to

deny an employee disabled by pregnancy, childbirth, or a related medical condition to

take a leave for a reasonable period of time not to exceed four months and thereafter

return to the same or, if excused, a comparable position.

100.    Defendant was aware of Plaintiff's pregnancy, childbirth, medical condition related to her

pregnancy and childbirth.

101.    Plaintiff sought pregnancy disability leave to care for her disability.

102.    Plaintiff provided reasonable notice to Defendants, when foreseeable, of her need for

leave.

103.    Defendants wrongfully denied Plaintiff's reasonable requests for leave, in violation of

Cal. Gov't Code §12945.

104.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

105.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

106.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(c).

## SEVENTH CAUSE OF ACTION

### INTERFERENCE WITH, RESTRAINT, OR DENIAL OF PREGNANCY, CHILDBIRTH, OR A RELATED MEDICAL CONDITION LEAVE RIGHTS

#### [Cal. Gov't Code § 12945(a)(4)]

107.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

108.   At all times mentioned herein, Cal. Gov't Code §12945 was in full force and effect and was binding on Defendants. This section provides that it is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any of her pregnancy, childbirth, or a related medical condition rights, including but not limited to the right to up to four months of leave, reasonable accommodation for a condition related to pregnancy, including a reasonable amount of break time and use of a room in close proximity to Plaintiff's work area to express breast milk in private, childbirth, or a related medical condition, no retaliation against an employee for exercising her right to reasonable accommodation, to transfer, or to take pregnancy disability leave.

109.   Defendant was aware of Plaintiff's pregnancy, childbirth, medical condition related to her pregnancy and childbirth.

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

110.   Plaintiff sought pregnancy disability leave to care for her disability.

111.   Plaintiff provided reasonable notice to Defendants, when foreseeable, of her need for leave.

112.   Defendants wrongfully interfered with Plaintiff's requests for leave, right to a reasonable accommodation. Defendant retaliated against Plaintiff in response to her requests for and taking lawful leave.

113.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain substantial loss in earnings, employment benefits, employment opportunities, and Plaintiff has suffered economic loses in an amount to be determined at trial. Plaintiff has sought to mitigate these damages.

114.   As a proximate result of Defendants' willful, knowing, and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

115.   As a result of Defendants' deliberate, outrageous and despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each of Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

116.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

117.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Cal. Gov't Code § 12965.

///
///
///
///

**EIGHTH CAUSE OF ACTION**

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

## REFUSAL TO GRANT FAMILY CARE AND MEDICAL LEAVE RIGHTS

## (BONDING LEAVE)

### [Cal. Gov't Code § 12945.2(a); 2 CCR §11088(a); 2 CCR §11089]

118.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

119.    At all times mentioned herein, Cal. Gov't Code §12945.2 was in full force and effect and was binding on Defendants. This section provides that it is unlawful for an employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. It further provides that such leave requested shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. It is an unlawful employment practice for an employer, after granting a requested CFRA leave, to refuse to reinstate the employee to the same or a comparable position at the end of the leave. 2 CCR § 11089(a)(2); 2 CCR § 11089(b). An employee is entitled to reinstatement even if the employee has been replaced or the employee's position has been restructured to accommodate the employee's absence. 2 CCR § 11089(a)(2)(A).

120.    Under Cal. Gov't Code §12945.2 Plaintiff is an eligible employee because she was a full time employee and had worked over twelve (12) months of at least 1,250 hours within that time period when she requested family care leave/medical leave.

121.    Defendant was aware of Plaintiff's pregnancy and childbirth.

122.    Plaintiff sought family care leave to bond with her child.

123.    Plaintiff provided reasonable notice to Defendants, when foreseeable, of her need for leave.

124.    Defendants wrongfully denied Plaintiff's reasonable requests for leave, in violation of

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

Cal. Gov't Code §12945.2

125.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

126.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

127.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(c).

## NINTH CAUSE OF ACTION
## RETALIATION BASED ON EXERCISE OF CFRA RIGHTS
### [Cal. Gov't Code § 12945.2(q)]

128.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

129.   At all times mentioned herein, California Government Code section 12945.2 et seq. was in full force and effect and was binding on Defendant. This section provides that it is unlawful for Defendant, as an employer, to discriminate against an individual's exercise of the right to leave, an individual's giving information or testimony as to her own leave, or another person's leave, in an inquiry or proceeding relating to rights guaranteed by the California Family Rights Act.

130.   Plaintiff was eligible for and requested family care and/or medical leave.

131.   Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein, including but not limited to, retaliation, failure to

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

accommodate, and termination.

132. Plaintiff believes and thereon alleges that her use of family care leave was a substantial motivating reason for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, up to and including but not limited to, retaliation, failure to accommodate, and termination.

133. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

134. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

135. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

136. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees pursuant to California Government Code section 12965.

## TENTH CAUSE OF ACTION

### RETALIATION

### [Cal. Gov't Code § 12940(h)]

137. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

138. Plaintiff opposed Defendant's failure to accommodate her pregnancy, and pregnancy-related medical condition, and failure to engage the good faith interactive process to

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

determine what accommodations were reasonable.

139. Defendant engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

140. Plaintiff believes and hereon alleges that her opposition to Defendant's unlawful conduct was a substantial motivating reason for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of her employment.

141. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

142. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

143. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

144. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(c).

## ELEVENTH CAUSE OF ACTION

## RETALIATION

### [Cal. Lab. Code § 1102.5]

145. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

146. California Labor Code § 1102.5(b) provides:

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

147. California Labor Code section 245 et seq. provides that employees may accrue paid sick leave and may request and use up to 3 days or 24 hours of accrued paid sick leave per year and an employee may not be terminated or retaliated against for using or requesting the use of paid sick leave.

148. California Labor Code section 233 provides that employers who provide paid sick leave must permit employees to use "in any calendar year" the amount of "accrued and available" sick leave to care for themselves or a family member.

149. California Labor Code § 233 further prohibits an employer from denying an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee fur using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventative care of a family member or themselves.

150. California Labor Code section 234 provides that "[a]n employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233."

151. Plaintiff disclosed information to Defendant and/or their employees that she reasonably believed constituted violations of the California California Labor Code section 245 et seq. and section 233, as stated herein, including but not limited to, Defendant's reprimand for taking sick days off to care for herself and her daughter.

152. Plaintiff opposed Defendant's attempts to use her protected sick days against her in violation of California Labor Code section 233(c) and 246.5(c)(1).

153.  Plaintiff had reasonable cause to believe that Defendant's acts were illegal.

154.  Plaintiff's disclosure of such information/opposition to Defendant's illegal actions was a contributing factor for Defendant's Defendant's decision to retaliate and discriminate against her in the terms and conditions of her employment.

155.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

156.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

157.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

158.  In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to a $10,000 penalty for each violation of Cal. Labor Code § 1102.5, pursuant to Cal. Labor Code § 1102.5(f), and attorney fees pursuant to Cal. Labor Code §1102.5(j).

## TWELFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION]

## [Cal. Gov't Code §12940(k)]

159.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

160.  At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant. This section provide that it is unlawful for Defendant, as an employer, to fail to take all reasonable steps necessary to

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

prevent discrimination, harassment and retaliation from occurring.

161.   Plaintiff was subjected to discrimination on the basis of her pregnancy, and disability, as set forth herein. Defendant failed to accommodate Plaintiff. Plaintiff was also subject to retaliation because she used pregnancy disability leave and family care leave and because she opposed Defendants' unlawful conduct.

162.   Defendant failed to take reasonable steps to prevent the discrimination, harassment and retaliation as described herein.

163.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

164.   As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

165.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

166.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Cal. Gov't Code §12965.

## THIRTEENTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION

167.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

168.   Plaintiff performed work for Defendant, as an employee, as stated herein.

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

169. Plaintiff was subjected to discrimination on the basis of her pregnancy, and disability, as set forth herein. Defendant failed to accommodate Plaintiff. Plaintiff was also subject to retaliation because she used pregnancy disability leave and family care leave and because she opposed Defendants' unlawful conduct.

170. Defendant was aware of the illegal conduct.

171. Defendant failed to correct the unlawful and unethical conduct of their employee(s).

172. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities. Plaintiff has sought to mitigate these damages.

173. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, mental and physical pain, and anguish, all to her damage in a sum to be established according to proof.

174. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

175. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## FOURTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

176. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

177. Defendant's intentional conduct, as set forth herein, was extreme and outrageous.

178. Defendant intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff did suffer extreme emotional distress as a result of Defendant's actions.

179. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities. Plaintiff has sought to mitigate these damages.

180.   As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, mental and physical pain, and anguish, all to her damage in a sum to be established according to proof.

WHEREFORE, Plaintiff prays for the following relief:

1.   For general and compensatory damages in an amount according to proof;

2.   For mental and emotional distress damages;

3.   For back pay, front pay and other monetary relief;

4.   For injunctive relief, including reinstatement, promotion, and retroactive seniority;

5.   For costs of litigation, expert costs, and attorneys' fees as permitted by law;

6.   For an award of interest at the prevailing legal rate, as permitted by law;

7.   For such other and further relief as the Court deems proper and just under all the circumstances.

**PLAINTIFF YOSHIRA GASTELUM** demands a jury trial on all issues in this case.

DATED: November 14, 2022          DELVAUX LAW

DAPHNE A.M. DELVAUX, ESQ.
COLETTE N. MAHON, ESQ.
Attorneys for Plaintiff,
**YOSHIRA GASTELUM**

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1

**EXHIBIT A**

2

3   (1)    PLAINTIFF'S **YOSHIRA GASTELUM**'s RIGHT TO SUE LETTER FROM
            DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ("DFEH")

4

5   (2)    PLAINTIFF'S **YOSHIRA GASTELUM**'s COMPLAINT OF DISCRIMINATION
            FILED WITH DFEH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DELVAUX LAW
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 10, 2022

Colette Mahon
2169 First Avenue
San Diego, California 92109

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202211-18845210
Right to Sue: Gastelum Gonzalez / Target Corporation

Dear Colette Mahon:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 10, 2022

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202211-18845210
Right to Sue: Gastelum Gonzalez / Target Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 10, 2022

Yoshira Gastelum Gonzalez
c/o 2169 First Avenue
San Diego, CA 92101

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202211-18845210
Right to Sue: Gastelum Gonzalez / Target Corporation

Dear Yoshira Gastelum Gonzalez:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 10, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
# BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Yoshira Gastelum Gonzalez

CRD No. 202211-18845210

Complainant,

vs.

Target Corporation

Respondents

---

1. Respondent **Target Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Yoshira Gastelum Gonzalez**, resides in the City of **San Diego**, State of **CA.**

3. Complainant alleges that on or about **July 8, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions, association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, other, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, other, denied family care or medical leave (cfra).

-1-
*Complaint – CRD No. 202211-18845210*

Date Filed: November 10, 2022

CRD-ENF 80 RS (Revised 10/22)

1
2    **Additional Complaint Details:** See attached Complaint.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                      -2-
                        *Complaint – CRD No. 202211-18845210*
27
    Date Filed: November 10, 2022
28
                                              CRD-ENF 80 RS (Revised 10/22)

1 | VERIFICATION

2 | I, **Colette Mahon**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
   | on information and belief, which I believe to be true.

4 |
   | On November 10, 2022, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 |                                                          **San Diego, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |                                       -3-
   |                         *Complaint – CRD No. 202211-18845210*
27 |
   | Date Filed: November 10, 2022
28 |
   |                                                          CRD-ENF 80 RS (Revised 10/22)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/15/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV35977 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Upinder S. Kalra | 51 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/15/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

- a. **The Civil Mediation Vendor Resource List**
  If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

  - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
  - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

- b. **Los Angeles County Dispute Resolution Programs**
  https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

  Day of trial mediation programs have been paused until further notice.

  **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

- c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

1
2
3
4
5

SUPERIOR COURT OF THE STATE OF CALIFORNIA

6

FOR THE COUNTY OF LOS ANGELES

7

8   IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
    — MANDATORY ELECTRONIC FILING    )
9   FOR CIVIL                        )
                                     )
10                                   )
                                     )
11  _____)

12          On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13  documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14  Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15  Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16  All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17  following:

18  1)  DEFINITIONS

19      a)  **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

20          quickly locate and navigate to a designated point of interest within a document.

21      b)  **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

22          portal, that gives litigants access to the approved Electronic Filing Service Providers.

23      c)  **"Electronic Envelope"**   A transaction through the electronic service provider for submission

24          of documents to the Court for processing which may contain one or more PDF documents

25          attached.

26      d)  **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

27          document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

1

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)   Depositions;

      ii)  Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)   Points and Authorities;

      vi)  Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1)   SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
              (INSERT DATE)                 (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)<br>LASC Approved 04/11<br>For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  (ATTORNEY FOR _____)
        (TYPE OR PRINT NAME)

Date:

_____          ➢  (ATTORNEY FOR _____)
        (TYPE OR PRINT NAME)

Date:

_____          ➢  (ATTORNEY FOR _____)
        (TYPE OR PRINT NAME)

[ Print ]   [ Save ]                                          [ Clear ]

LACIV 036 (new)
LASC Approved 04/11                    **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                      Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)